

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
BARBARA ZINNAMON, : 10-CV-4795 (ARR)
:
                     Plaintiff, : NOT FOR PRINT OR
: ELECTRONIC
-against- : PUBLICATION
:
UNITED STATES POSTAL SERVICE, : MEMORANDUM AND
: ORDER
                     Defendant. :
:
------------------------------------------------------------ X

ROSS, United States District Judge:

On October 6, 2010, plaintiff Barbara Zinnamon, appearing *pro se*, filed this action against defendant United States Postal Service ("USPS") alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order and directs plaintiff to file an amended complaint as set forth below.

## Background

Plaintiff's statement of claim states in its entirety:

> The known fact is that my employment application was over looked and others that did file at the same time I filed were hired within one year period. My case was indeed filed with the New York State Division of Human Rights.

Compl. at 7.[1] Plaintiff alleges that she filed a charge of employment discrimination with the New York State Division of Human Rights ("NYSDHR") on June 29, 2010. Id. Attached to the complaint, plaintiff includes a copy of the "Determination and Order of Dismissal for Lack of

---

[1] The complaint includes attachments that are not separately paginated. The court refers to the page numbers assigned by the Electronic Case Filing system.

Jurisdiction" issued by the NYSDHR on July 14, 2010, determining that it had no jurisdiction over the defendant, a federal agency, and dismissing the action.

## Standard of Review

The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, – U.S. – , 129 S. Ct. 1937, 1949 (2009)(internal quotation marks and citation omitted).

## Discussion

Apart from providing her date of birth and stating that she has spina bifida, Compl. at 6, plaintiff fails to state any facts to support a plausible claim for discrimination under the ADEA or the Rehabilitation Act.[2] Moreover, plaintiff's NYSDHR charge states that the basis of the

---

[2] Plaintiff's disability claim is governed by the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.* (the "Rehabilitation Act"), rather than the ADA. Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998). The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her ... disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The Rehabilitation Act incorporates the same remedies found under Title VII.

2

discrimination is religion as "a born again Christian" and "other," but does not specify or elaborate.[3] Because the complaint fails to plead enough facts to state a plausible claim to relief, it is dismissed without prejudice for failure to state a claim upon which relief may be granted.

The court also observes that it does not appear that plaintiff has exhausted her administrative remedies. In order to bring either a Title VII, ADEA or Rehabilitation Act discrimination claim in federal court against a federal agency, a plaintiff must first exhaust her administrative remedies. See Briones v. Runyon, 101 F.3d 287, 289 (2d Cir. 1996). That is, before filing a civil action in federal court, a federal employee or an applicant for federal employment must contact an Equal Employment Opportunity ("EEO") counselor at the federal agency where she was employed or sought employment within 45 days of the alleged discriminatory act.[4] 29 C.F.R. § 1614.105(a)(1); Turnage v. Tarzia, 7 Fed. Appx. 27 (2d Cir. 2001) (applicants for USPS employment are subject to the requirements of 29 C.F.R. § 1614.105); Tulin v. United States Postal Service, No. 06-CV-5067, 2008 WL 822126, at *5 (E.D.N.Y. Mar. 25, 2008).

Finally, it appears that this action is likely untimely. In the NYSDHR charge, plaintiff states that she applied via the internet in 2006 and provides September 8, 2006 as the latest date of discrimination through April 5, 2010, as the most recent, but does not allege what discriminatory act or acts allegedly took place from September 8, 2006 through April 5, 2010. Compl. at 4, 6. Assuming plaintiff filed her application for employment via the internet sometime in 2006, but did

---

[3] A discriminatory act based on plaintiff's religion would arise under Title VII and not under the ADEA or the Rehabilitation Act.

[4] Thereafter, the applicant must then file an EEO complaint with "the agency that allegedly discriminated against the complainant." 29 C.F.R. § 1614.106. Within 90 days of that agency's final decision, or after passage of 180 days from the filing of the complaint with the agency if no final decision has yet been rendered, the complainant may file suit in federal court. 29 C.F.R. §1614.407.

not file her discrimination charge until June 2010, albeit with the wrong agency, Compl. at 7, plaintiff's discrimination claims appear to be time-barred.

In light of plaintiff's *pro se* status, the court grants plaintiff leave to file an amended complaint in order to provide and/or clarify the basis of her discrimination claims and to provide facts to support such claims. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002). If plaintiff chooses to file an amended complaint, she is advised also to provide facts to show that she has timely-filed and exhausted her administrative remedies, or, if plaintiff was unable to contact the USPS's EEO office in a timely manner, to provide the reasons for her failure to do so.

## **Warning**

However, before filing the amended complaint, plaintiff must consider whether she has a good faith basis on which to proceed in this action against the USPS. The court notes that this is plaintiff's seventeenth civil action. See Zinnamon v. Cingular Wireless, No. 09-CV-5699 (ARR); Zinnamon v. Sprint Wireless, No. 09-CV-5696 (CBA); Zinnamon v. Motorola, No. 09-CV-3824 (ARR); Zinnamon v. T-Mobile, No. 09-CV-3273 (ARR); Zinnamon v. NYC Dep't of Social Svcs., No. 08-CV-5266 (ARR); Zinnamon v. NYS Dep't of Educ., No. 08-CV-5149 (ARR); Zinnamon v. NYC Dep't Citywide Svcs., No. 08-CV-3612 (ARR); Zinnamon v. NYC CCRB, No. 08-CV-2155 (ARR); Zinnamon v. American Mail Order, No. 08-CV-2042 (ARR); Zinnamon v. NYCPD, No. 08-CV-2153 (ARR); Zinnamon v. Outstanding Bus Co., No. 08-CV-1787 (ARR); Zinnamon v. PCF Newspaper, No. 08-CV-1400 (ARR); Zinnamon v. NYC Dep't of Educ., No. 08-CV-1399 (ARR); Zinnamon v. Bridge Security, No. 08-CV-1398 (ARR); Zinnamon v. Bank of New York, No. 06-CV-1805(ARR); Zinnamon v. Bank of New York, No. 98-CV-5707 (ARR). As a result of so many filings, the court has expended substantial judicial time and resources to plaintiff's claims, none of which have been found to have merit.

The court hereby warns plaintiff that if she continues to file non-meritorious or frivolous employment discrimination complaints and other types of complaints, the court will consider sanctions, including the imposition of a filing injunction. This is plaintiff's fourth warning to this effect. See Zinnamon v. Cingular Wireless, No. 09-CV-5699 (ARR), slip op. (E.D.N.Y. Jan. 4, 2010) (dismissing complaint and warning plaintiff that the court may issue a filing injunction); Zinnamon v Motorola, No. 09-CV-3824 (ARR), slip op. (E.D.N.Y. Sept. 11, 2009) (dismissing plaintiff's complaint and warning plaintiff that the court may issue a filing injunction); see also Zinnamon v. Outstanding Bus Co., No. 08-CV-1787 (ARR), slip op. (E.D.N.Y. Sept. 21, 2009) (adopting Report and Recommendation which included a warning that any future filing would subject plaintiff to a filing injunction).

"The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard).

## Conclusion

Accordingly, plaintiff's request to proceed in forma pauperis is granted. The complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, but plaintiff is granted leave to file an amended complaint in accordance with this order, within thirty (30) days of the date of this order. If plaintiff elects to file an amended complaint, it shall be titled "AMENDED COMPLAINT" and bear the same docket number as this order, No. 10-CV-4795 (ARR). The amended complaint shall completely replace the original complaint. If plaintiff fails

to file an amended complaint within the time allowed or show good cause, this action shall be dismissed, judgment shall be entered and the case will be closed.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

_____
Allyne R. Ross
United States District Judge

Dated: November 30, 2010
       Brooklyn, New York

SERVICE LIST:

    <u>Pro Se Plaintiff</u>
    Barbara Zinnamon
    345 Livonia Avenue Apt. 4F
    Brooklyn, NY 11212