```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   NOT FOR PRINT OR
BARBARA ZINNAMON,                                              ELECTRONIC PUBLICATION

                    Plaintiff,                                 ORDER

        -against-                                              10-CV-4795 (ARR)

UNITED STATES POSTAL SERVICE,

                    Defendant.
-----------------------------------------------------------X
```

ROSS, United States District Judge:

By order dated November 30, 2010 ("November Order"), the court dismissed plaintiff's complaint against defendant for failure to state a claim, but granted plaintiff leave to file an amended complaint within 30 days to support her employment discrimination claims pursuant to the Age Discrimination in Employment Act of 1967 and the Rehabilitation Act of 1973 against defendant. Moreover, the court warned plaintiff against filing a non-meritorious or frivolous discrimination claim based on her litigation history in this court. On January 28, 2011, after waiting nearly 60 days, the court dismissed the complaint as plaintiff failed to file an amended complaint. Judgment was entered on February 1, 2011.

On February 3, 2011, plaintiff filed a one-page amended complaint, dated January 31, 2011. Plaintiff argues that the court's failure to send her an amended complaint form is the reason for her delay. The court does not have an amended complaint form, but does provide a face or cover page titled "Amended Complaint" along with amended complaint instructions. The court does not credit this argument as the basis for plaintiff's failure to file a timely amended complaint, and, in any event, plaintiff's untimely amended complaint fails to comply with the court's November Order and fails to state a claim for employment discrimination against defendant.

## Conclusion

Liberally construing the amended complaint as a request for reconsideration of the court's order dismissing this action, the court denies this request.

Plaintiff is again cautioned against filing file non-meritorious or frivolous employment discrimination complaints and other types of complaints. If plaintiff continues to do so, the court will consider sanctions, including the imposition of a filing injunction. See Zinnamon v. Cingular Wireless, No. 09-CV-5699 (ARR), slip op. (E.D.N.Y. Jan. 4, 2010) (dismissing complaint and warning plaintiff that the court may issue a filing injunction); Zinnamon v Motorola, No. 09-CV-3824 (ARR), slip op. (E.D.N.Y. Sept. 11, 2009) (dismissing plaintiff's complaint and warning plaintiff that the court may issue a filing injunction); Zinnamon v. Outstanding Bus Co., No. 08-CV-1787 (ARR), slip op. (E.D.N.Y. Sept. 21, 2009) (adopting Report and Recommendation which included a warning that any future filing would subject plaintiff to a filing injunction).

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

_____
Allyne R. Ross
United States District Judge

Dated: February 22, 2011
      Brooklyn, New York

SERVICE LIST:

        <u>Pro Se Plaintiff</u>
        Barbara Zinnamon
        345 Livonia Avenue Apt. 4F
        Brooklyn, NY 11212